[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellants Laura Lee and William Ernest Heiland, Jr., sued appellee Sears, Roebuck Co. for negligence. Mrs. Heiland slipped in a puddle of water located near an elevator on the second floor of one of Sears's Cincinnati stores. The Heilands claimed that Sears was negligent by permitting the water to accumulate. Mrs. Heiland alleged that she had suffered injury and damages. Mr. Heiland alleged that he had suffered a loss of consortium.
The case was tried to a jury, which found in favor of Sears. The Heilands appeal, claiming that the trial the trial court erred by (1) transferring their case to a visiting judge who failed to certify that he had familiarized himself with the record, as required under Civ.R. 63; (2) denying their motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial; and (3) refusing to charge the jury in accordance with two of their requested instructions. Finding no merit in the appeal, we affirm the trial court's judgment.
Civ.R. 63(A) allows the substitution of judges after a trial has commenced, upon certification in the record by the substituted judge that he has familiarized himself with the record of the trial. The record here demonstrates that there was no certification made, and that the Heilands failed to object to the lack of certification until after the jury had decided in favor of Sears. As with any other procedural irregularity, the Heilands were required to raise their objection at the "first opportunity to do so."[1] The requirement to raise an objection in a timely manner is based on the proposition that a party may not "await the decision with the knowledge of the procedural irregularity before choosing to object to the defect if the decision is unfavorable."[2] Because their objection was untimely, we conclude that the Heilands have waived the error. The Heilands also raise as error on appeal the failure of the record to contain a journal entry reflecting the transfer of the case. This claim has also been waived.[3] We overrule their first assignment.
In their second assignment, the Heilands argue that the trial court erred in overruling their motions for directed verdict, for judgment notwithstanding the verdict and for a new trial. Motions for a directed verdict and for judgment notwithstanding the verdict raise questions of law, testing the materiality of the evidence, not the weight or the credibility of the witnesses.[4] Thus, our review is de novo.[5] In determining whether the Heilands merited a directed verdict or judgment notwithstanding the verdict, we construe the evidence most strongly in favor of Sears, the nonmoving party, and if there is substantial evidence to support Sears's case upon which reasonable minds could have reached different conclusions, the motions were properly overruled.[6]
The Heilands also claim that the trial court erred by denying their motion for a new trial under Civ.R. 59(A)(6). This rule provides that a new trial may be granted if the judgment is not sustained by the weight of the evidence. When reviewing the trial court's decision on whether to grant a new trial on this basis, we may reverse only if we conclude that the trial court abused its discretion.[7] If a jury verdict is supported by substantial competent, credible evidence, the trial court abuses its discretion in granting a new trial.[8]
The Heilands claim that they were entitled to a directed verdict and to judgment notwithstanding the verdict because Sears's counsel argued facts not in evidence during opening argument, disparaged their witnesses and counsel in closing argument, and misled the jury by arguing that Sears had to know about the water on the floor on the day of the occurrence. The Heilands argue that they were entitled to a new trial because the jury lost its way by failing to consider that Sears had known that the water fountain had overflowed previously and had been concerned previously with dripping from the mouths of customers using the fountain. They also argue that the jury lost its way be failing to consider damages, where the evidence was uncontroverted that Mrs. Heiland had been injured.
There was evidence before the jury that the water fountain had overflowed one time previously, when paper had clogged the drain. There was also evidence that Sears had a concern about people dripping water when they took a drink. One of the witnesses to the accident saw drops of water leading from the fountain to the puddle where the accident occurred. The evidence also demonstrated that the fountain was surrounded by tile. But there was evidence presented that Sears was unaware that the fountain had been leaking the day of the accident, that an investigation had not found a leak in the fountain, that no determination had ever been made as to where the water originated, and that no one at Sears had known of the water until the accident.
Having reviewed the record, we are convinced that the Heilands were not entitled as a matter of the law to a directed verdict or to judgment notwithstanding the verdict. Further, the record demonstrates that there was substantial evidence to support Sears's case upon which reasonable minds could have reached different conclusions as to whether Sears had been negligent and, if so, whether its negligence had proximately caused the Heilands' injuries. Further, because we conclude that the jury's verdict in favor of Sears on the issue of liability was supported by "substantial competent, credible evidence," we affirm the trial court's denial of the Heilands' motion for a new trial. Because the jury found in favor of Sears on the issue of liability, it was not required to award damages. We overrule the Heilands' second assignment.
In their third assignment, the Heilands argue that the trial court erred by failing to give their two requested jury instructions. Civ.R. 51(A) requires that a party objecting to the jury instructions do so "before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." In this case, after instructing the jury, the trial court asked if counsel wished to add anything. No objections were made at that point, and the jury then retired to deliberate. Thus, we conclude that the Heilands have waived any error as to the trial court's failure to instruct the jury as they requested. We overrule the Heilands' third assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] Accord Berger v. Berger (1981), 3 Ohio App.3d 125, 130,443 N.E.2d 1375, 1382.
[2] Id. at 130, 443 N.E.2d at 1381.
[3] See Wissel v. Ohio High School Athletic Assn. (1992),78 Ohio App.3d 529, 605 N.E.2d 458.
[4] See Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257-258,741 N.E.2d 155, 164.
[5] See id.
[6] See Pelletier v. Rumpke (Mar. 30, 2001), Hamilton App. No. C-000258, unreported.
[7] See Malone v. Courtyard by Marriott Ltd. Partnership (1996),74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1248-1249.
[8] See Pelletier v. Rumpke Container Serv., supra, quoting Hancock v.Norfolk W. Ry. Co. (1987), 39 Ohio App.3d 77, 81, 529 N.E.2d 937,942.